# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JORGE ALBERTO COREAS CRUZ, | Case No. 26-cv-3668-BAS-VET |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION (ECF No. 1)** |
| TODD BLANCHE, *et al.*, | |
| Respondents. | |

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 requesting a bond hearing. (ECF No. 1.) The Government responded to the Petition, acknowledging that Petitioner appears to be a member of the *Maldonado* class and, therefore, the Government does not oppose an order from the Court directing a bond hearing be held before an Immigration Judge pursuant to 8 U.S.C. § 1226(a). (ECF No. 4). For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or Federal law. 28 U.S.C. § 2241(c)(3). It applies

- 1 -

to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

**II.    ANALYSIS**

Petitioner, a Salvadoran national, entered the United States without detection on October 1, 1998. (Petition, ECF No. 1 ¶¶ 1-2.) He has been living in the United States for the past 28 years. (*Id*. ¶ 18.) He is married to a U.S. citizen and has two adult U.S. citizen children. (*Id*.) He works in landscaping, pays his taxes and has no criminal record. (*Id*. ¶ 19.) Immigration and Customs Enforcement ("ICE") arrested him on June 2, 2026, in the interior of the United States. (*Id*.) Since his arrest, Department of Homeland Security ("DHS") has refused to grant his request for a bond hearing, presumably relying on *In the Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

The Central District of California has certified a class of which Petitioner is a member and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025).  This Court has previously held in multiple cases that it agrees with the Court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-3322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Duniesky Martinez Zayas v. Adam Gordon*, No. 26-cv-237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Benito Aguilar Trujillo v. Kristin Noem*, No. 26-cv-268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026).  The Government concedes that Petitioner appears to be a member of the *Maldonado* class and, thus, is entitled to a bond hearing. (ECF No. 4.) For all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

26cv3668

## III.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Jorge Alberto Coreas Cruz (A076-666-206) within 10 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a) not § 1225(b)(2). If no bond hearing is held within 10 days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

DATED: July 7, 2026

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv3668